# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| PAUL GRISSOM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-00232-TWP-DML |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on a *pro se* Motion for relief pursuant to 28 U.S.C. § 2255 filed by Petitioner Paul Grissom ("Grissom"), (Dkt. 1). For the reasons discussed in this Order, the Motion must be **denied** and the action **dismissed with prejudice**. In addition, the Court finds that a Certificate of Appealability should not issue.

## I. LEGAL STANDARD

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## II. FACTUAL BACKGROUND

On November 17, 2015, a grand jury returned an Indictment against Grissom and several co-defendants. *United States v. Grissom*, No. 4:15-cr-00025-TWP-VTW-5 (hereinafter "Crim. Dkt."), (Dkt. 48). The Indictment charged Grissom with Count One: Conspiracy to Commit Robbery, in violation of 18 U.S.C. § 1951(a) ("e"), and Count Two: Conspiracy to Brandish a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(o). *Id.* Specifically, Count Two charged Grissom with "knowingly and intentionally conspir[ing] to use and brandish a firearm in furtherance of a crime of violence for which [he] could be charged in a court of the United States, to wit, robbery affecting commerce in violation of Title 18, United States Code, Section 1951." *Id.* at 4.

On August 16, 2016, Grissom submitted a Petition to Enter Plea of Guilty and Plea Agreement. (Crim. Dkt. 191.) In his plea agreement, he agreed to enter a plea of guilty to both Count One and Count Two. *Id.* at 1. The plea agreement identified the elements the Government had to prove for both counts. *Id.* at 2. With respect to Count Two, the plea agreement listed the following elements:

> 1. The conspiracy to use a firearm in furtherance of a crime of violence (robbery) as charged in Count Two existed;
>
> 2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and
>
> 3. One of the conspirators committed an overt act in an effort to advance the goal(s) of the conspiracy.

*Id.* The plea agreement included a stipulated factual basis. *Id.* at 7-8; *see also* Crim. Dkt. 266.[1]

---

[1] The plea agreement stated that the stipulated factual basis was included as Exhibit A. (Crim. Dkt. 191 at 8.) The statement of evidence filed by the Government on December 7, 2016, (Crim. Dkt. 266), is the stipulated factual basis. (*See* Crim. Dkt. 641 at 14, 23-24.)

The Government's stipulated factual basis detailed five armed robberies of retail cellular phone stores. (Crim. Dkt. 266.) It stated that Grissom joined the conspiracy on approximately August 26, 2015, and that he was a "gun holder" during the armed robbery of a retail cellular phone store in DeKalb, Illinois. *Id.* at 7.. It further stated that Grissom brandished a firearm during the armed robbery and threatened an employee. *Id.* He also helped load and carry stolen cellular phones and electronic devices in black trash bags. *Id.* Grissom submitted his own stipulated factual basis that agreed with the stipulated factual basis submitted by the Government. (Crim. Dkt. 204.)

The Court conducted a change of plea hearing for Grissom on December 8, 2016. (Crim. Dkt. 268; Crim. Dkt. 641 (transcript of change of plea hearing).) At this hearing, the Government read its stipulated factual basis, including the provisions described above. (Crim. Dkt. 641 at 24-32.) Similarly, counsel for Grissom read his stipulated factual basis. *Id.* at 33-34. Grissom then agreed that those events happened and that everything was true and accurate. *Id.* at 34-35.

After being advised of the rights he was waiving and the terms of his plea agreement, Grissom pled guilty to Count One and Count Two. *Id.* at 44. The Court concluded that Grissom was capable of entering an informed plea, was aware of the nature of the charges and the consequences of the plea, and made a knowing and voluntary guilty plea. *Id.* at 44-45. It also found "an independent basis in fact containing each of the essential elements of the offense" and accepted Grissom's plea. *Id.* at 45.

The Court conducted a sentencing hearing for Grissom on September 8, 2017. (Crim. Dkt. 603; *see also* Crim. Dkt. 643 (transcript of sentencing hearing).) The presentence investigation report prepared prior to Grissom's sentencing determined that he was a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1(b). (Crim. Dkt. 584 at 8.) It concluded

that Grissom's total offense level was 29 and his criminal history category was VI, resulting in a Sentencing Guidelines range of 151 to 188 month's imprisonment. *Id.* at 8, 10, 16. The Court agreed with these conclusions. (Crim. Dkt. 643 at 10-11.) It ultimately imposed a sentence of 130 months' imprisonment and a three-year term of supervised release. *Id.* at 29; Crim. Dkt. 607.

Grissom appealed his convictions and sentence, Crim. Dkt. 611, but the United States Court of Appeals for the Seventh Circuit dismissed the appeal, Crim. Dkt. 777. *See also United States v. Grissom*, 760 F. App'x 448 (7th Cir. 2019). Grissom filed his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on November 5, 2019. Dkt. 1.

### III.   DISCUSSION

Grissom asserts two challenges to his convictions: 1) in light of the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), his conviction for brandishing a firearm in furtherance of a crime of violence cannot stand; and 2) he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1. (Dkt. 1 at 2.)

**A.    Crime of Violence**

Grissom pled guilty to Count Two which charged him with a violation of 18 U.S.C. § 924(o). Section 924(o) provides in relevant part that "[a] person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20 years . . . ." 18 U.S.C. § 924(o). Section 924(c) prohibits the use of a firearm in furtherance of a crime of violence or drug trafficking crime. 18 U.S.C. § 924(c).

Section 924(c)(3) defines "crime of violence" to include any felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," often referred to as the elements clause or force clause, or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used,"

referred to as the residual clause. 18 U.S.C. § 924(c)(3). In *Davis*, 139 S. Ct. at 2336, the Supreme Court held that the residual clause, § 924(c)(3)(B), is "unconstitutionally vague."

Grissom argues that his conviction under § 924(o) should be vacated because the crime of violence underlying his conviction for conspiring to brandish a firearm in furtherance of a crime of violence was based on the residual clause. To make this argument, he contends that the crime of violence he committed was conspiracy to commit Hobbs Act robbery. (*See* Dkt. 1 at 2; Dkt. 3 at 2-3.)

Grissom's argument fails because it is based on a false premise. The crime of violence underlying his § 924(o) charge was not conspiracy to commit Hobbs Act robbery—it was Hobbs Act robbery. Although Count One charged Grissom with conspiracy to commit Hobbs Act robbery, the Indictment identified "robbery affecting commerce in violation [of] Title 18, United States Code, Section 1951" as the crime of violence underlying his § 924(o) charge. (*See* Crim. Dkt. 48 at 4.) His plea agreement contained similar information. (Crim. Dkt. 191 at 2.) As the Seventh Circuit concluded when one of Grissom's co-defendants raised the same argument, the Indictment and plea agreement "show that robbery, not conspiracy to commit it, was the predicate offense." *Grissom*, 760 F. App'x at 454.

It is well settled that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3). *See United States v. Fisher*, 943 F.3d 809, 815 (7th Cir. 2019) (collecting cases); *see also United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848 (7th Cir. 2017). Thus, the invalidation of the residual clause in *Davis* does not impact Grissom's conviction under § 924(o) based on Hobbs Act robbery.

The crime of violence underlying Grissom's § 924(o) conviction was Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery, and Hobbs Act robbery is a crime of violence.

Therefore, Grissom's conviction is sound notwithstanding the Supreme Court's decision in *Davis*. Grissom is not entitled to habeas relief on this basis.

**B.      Career Offender**

Grissom's second challenge to his convictions is that he was improperly considered a career offender under U.S.S.G. § 4B1.1. (Dkt. 1 at 2.) Construing his Motion liberally, the Court understands him to argue that he did not qualify as a career offender under § 4B1.1(a) because his instant offense of conviction was neither a crime of violence nor a controlled substance offense. *Id.*

"Relief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723. F.3d 870, 878-79 (7th Cir. 2013)). "[D]eviations from the Sentencing Guidelines generally are not cognizable on a § 2255 motion." *Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010); *Hawkins v. United States*, 706 F.3d 820, 824 (7th Cir. 2013) ("An erroneous computation of an advisory guidelines sentence is reversible (unless harmless) on direct appeal; it doesn't follow that it's reversible years later in a postconviction proceeding."). In *Coleman*, the Seventh Circuit held that a defendant could not challenge the application of the career offender guideline in his § 2255 proceeding even though the defendant's prior conviction could not form the basis for applying the career offender guideline. 763 F.3d at 708-11.

The Seventh Circuit's decision in *Coleman* directs a finding that Grissom is not entitled to relief under § 2255 on his claim that he was improperly determined to be a career offender under U.S.S.G. § 4B1.1. The Sentencing Guidelines were advisory at the time of Grissom's sentencing,

6

*see Kimbrough v. United States*, 552 U.S. 85, 101 (2007), and his sentence is well-within the statutory maximum sentence applicable to both Count One and Count Two, *see* 18 U.S.C. § 1951(a) (maximum sentence of 20 years); 18 U.S.C. § 924(o) (maximum sentence of 20 years). Thus, there is no "miscarriage of justice for § 2255 purposes." *Coleman*, 763 F.3d at 708-09 ("Accordingly, we held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum."). Grissom cannot establish that he is entitled to relief under § 2255 based on a potential erroneous application of the Sentencing Guidelines.

## IV. CONCLUSION

For the reasons explained in this Order, Grissom is not entitled to relief on his § 2255 motion. Accordingly, his Motion for relief pursuant to § 2255, (Dkt. [1]), is **DENIED** and this action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in 4:15-cr-00025-TWP-VTW-5**. The Motion to Vacate, (Crim. Dkt. [803]), shall also be **terminated** in the underlying criminal action.

## V. DENIAL OF CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Grissom has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court therefore **DENIES** a certificate of appealability.

    **SO ORDERED.**

Date:  12/11/2020

                                                  Hon. Tanya Walton Pratt, Judge
                                                  United States District Court
                                                  Southern District of Indiana

DISTRIBUTION:

Paul Grissom, #48516-424
COLEMAN I U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1033
Coleman, Florida  33521

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brad.shepard@usdoj.gov