UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| PAUL GRISSOM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:19-cv-00232-TWP-DML |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Motion for Reconsideration**

Petitioner Paul Grissom's motion to vacate, set aside or correct sentence was denied on December 11, 2020. Dkts. 30, 31. In denying Mr. Grissom's motion, the Court rejected the argument that the crime of violence underlying his conviction under 18 U.S.C. § 924(o) was conspiracy to commit Hobbs Act robbery. Dkt. 30 at 4-6. This conclusion was based on the language of the indictment and Mr. Grissom's plea agreement. *Id.* In his motion for reconsideration, Mr. Grissom re-asserts the same argument he presented in his motion—that his § 924(o) conviction was based on conspiracy to commit Hobbs Act robbery not Hobbs Act robbery. *See* dkt. 32. The respondent did not file a response to Mr. Grissom's motion.

To receive relief under Federal Rule of Civil Procedure 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment."[1] *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to

---

[1] The Court considers Mr. Grissom's motion for reconsideration to be filed under Rule 59(e) because it is a substantive motion for reconsideration of an appealable order filed within twenty-eight days of entry of that appealable order. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008).

recognize controlling precedent." *Stragapede v. City of Evanston, Ill*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Newly discovered evidence is that which the movant must demonstrate it did not know and could not reasonably have discovered with reasonable diligence until after the judgment was rendered. *Caisse Nationale de Credit v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

Mr. Grissom has presented no evidence to "clearly establish . . . that the court committed a manifest error of law or fact" when it determined that his § 924(o) conviction was based on Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery. *See Edgewood Manor Apartment Homes, LLC*, 773 F.3d at 770. The Court can rely on the indictment and plea agreement from Mr. Grissom's criminal case. *See United States v. Willoughby*, 27 F.3d 263, 266 (7th Cir. 1994) (stating that the indictment determines "[w]hat becomes essential to a charged offense in a particular case"). Those documents establish that the crime of violence underlying Mr. Grissom's § 924(o) conviction was Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery. *See* dkt. 30 at 4-6.

Mr. Grissom has not shown that the Court committed a manifest error of law or fact. Nor has he presented newly discovered evidence that establishes he is entitled to relief under Rule 59(e). Thus, his motion for reconsideration, dkt. [32], is **denied**.

**IT IS SO ORDERED.**

Date:   2/1/2021

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

PAUL GRISSOM
48516-424
COLEMAN - I USP
COLEMAN I U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1033
COLEMAN, FL 33521

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brad.shepard@usdoj.gov